UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| Nexus Gas Transmission, LLC, | ) | CASE NO. 5:17CV2062 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| | ) ) | **MEMORANDUM OF OPINION** |
| City of Green, Ohio, et al. | ) ) | |
| Defendants. | ) ) | |

This matter comes before the Court on a motion for partial summary judgment (Doc. 3) filed by Plaintiff Nexus Gas Transmission, LLC and a motion for preliminary injunction also filed by Nexus. Doc. 4. For the reasons that follow, Nexus' motions are granted.

**I. Facts & Procedure**

This matter was filed on October 2, 2017. On that same date, Nexus filed the pending motions noted above. Within those motions, Nexus seeks to establish its right of condemnation and an injunction "authorizing it to immediately possess: (i) only those Defendant-properties that are located within the "eight-mile stretch of the pipeline that would run through [the City of] Green" (*see City of Green, Ohio v. NEXUS Gas Transmission, LLC*, 6th Cir. No. 17-4016 (Nov.

22, 2017 Order, Doc. #28-1 at 4)) (the "Stay Area"); and (ii) only for the limited purposes of conducting surveys for on-the-ground alignment of the pipeline and associated rights-of-way boundaries and to perform wetlands and environmental surveys." Doc. 365 at 1 (revising the scope of the requested injunctive relief.

## II. Legal Standards

Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986). The moving party must demonstrate to the court through reference to pleadings and discovery responses the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. This is so that summary judgment can be used to dispose of claims and defenses which are factually unsupported. *Id.* at 324. The burden on the nonmoving party is to show, through the use of evidentiary materials, the existence of a material fact which must be tried. *Id.* The court's inquiry at the summary judgment stage is "the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson,* 477 U.S. at 250.

The court's treatment of facts and inferences in a light favorable to the nonmoving party does not relieve that party of its obligation "to go beyond the pleadings" to oppose an otherwise properly supported motion for summary judgment under Rule 56(e). *See Celotex,* 477 U.S. at 324. The nonmoving party must oppose a proper summary judgment motion "by any kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves ..." *Id.* Rule 56(c) states, "... [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." A scintilla of evidence in favor of the nonmoving party is not sufficient.

When determining whether to issue a temporary restraining order or a preliminary injunction, this Court considers the following four factors:

> (1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir.1997) (en banc) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir.1995)). This Court must balance the four factors while noting that none should be considered a prerequisite to the grant of a preliminary injunction. *See United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998). Moreover, a plaintiff must present clear and convincing evidence in support of the four factors. *Procter & Gamble Co. v. Stoneham*, 140 Ohio App.3d 260, 267-68 (Ohio Ct. App. 2000).

### III. Law and Analysis

Right of Condemnation

15 U.S.C. § 717f(h) provides:

When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

Based upon the above, courts have defined three requirements that must be satisfied to demonstrate the substantive right to condemn: "(1) that [the company] holds a FERC certificate authorizing the relevant project, (2) that the land to be taken is necessary to the project; and (3) that the company and the landowners have failed to agree on a price for the taking.... In addition to showing an inability to agree on a price with the landowner, [the company] must also establish that it engaged in good faith negotiations with the landowner." *Transwestern Pipeline Co. v. 17.19 Acres of Prop. Located in Maricopa Cty.*, 550 F.3d 770, 776 (9th Cir. 2008) (quoting *Nat'l Fuel Gas Supply Corp. v. 138 Acres of Land*, 84 F.Supp.2d 405, 416 (W.D.N.Y.2000) .

Herein, there can be no dispute that Nexus holds a FERC certificate authorizing the pipeline. Exhibit C to the complaint filed in this matter includes the full 86-page FERC certificate. Doc. 1-3. Several defendants appear to take issue with the certificate. For example, one party contends that the certificate could be construed to have been issued for an international pipeline instead of an interstate pipeline, thereby depriving Nexus of the right of eminent domain. However, as the record makes it clear beyond dispute that Nexus proceeded under the interstate pipeline statutory provisions, the Court finds no merit in any argument that it should construe the certificate to have been issued.

In a similar vein, another defendant asserted that the certificate was somehow incomplete because it contains additional requirements that must be satisfied before construction may commence. However, there is no dispute that the certificate authorizes the work once any conditions have been satisfied. Accordingly, Nexus has demonstrated that there is no genuine issue of material fact surrounding the first element.

The Court similarly finds that there is no genuine issue of material fact involving the second and third elements. Nexus has demonstrated that the land at issue is necessary to the project. In

that regard, the Court acknowledges that there is pending litigation and a pending stay of construction over a portion of the pipeline. However, this Court's finding of a right of condemnation does not infringe upon the Sixth Circuit litigation in any manner. Absent a ruling in that matter regarding the route of the pipeline, Nexus has demonstrated that the land at issue is currently necessary to complete the project.

Finally, the Court rejects any argument that Nexus has not demonstrated that it engaged in good faith negotiations with the landowners and failed to achieve an agreement. The Court rejects the City of Green's argument that Nexus did not engage in negotiations due to its failure to comply with Ohio law regarding how an offer must be made to a municipality. As this is a federal taking authorized by the Natural Gas Act, Nexus is not required to comply with the Ohio Revised Code provisions dictating the manner in which an eminent domain offer must be made to a municipality.

Moreover, the Court rejects the other defenses proposed by the numerous defendants. The current public use of any of the lands does not defeat the ability of Nexus to condemn the property as the federal right of condemnation would be superior. *See e.g., Fla. Gas Transmission Co. v. Approximately 9.854 Acre Natural Gas Transmission Pipeline Easement*, 1998 WL 2018164, *9 (S.D. Fla. June 15, 1998); *Kern River Gas Transmission v. Clark County*, 757 F. Supp. 1110, 1118 (D. Nev. 1990). As the court in *Florida Gas Transmission* noted:

> In light of the supremacy of Federal law, this Court declines to attempt to balance the differing public uses. It is manifestly unlikely that Congress would have created the substantive right of eminent domain, clearly addressed in the Natural Gas Act, only to have that right held hostage to various states substantive schemes.

*Florida Gas Transmission*, at *9 (quoting *Kern*, 757 F. Supp. at 1118).

Accordingly, Nexus has demonstrated that it is entitled to partial summary judgment. Nexus has the right of eminent domain to condemn the easements at issue in this matter.

**Preliminary Injunction**

As noted above, Nexus revised its request for injunctive relief and now seeks an order from this Court: "authorizing it to immediately possess: (i) only those Defendant-properties that are located within the "eight-mile stretch of the pipeline that would run through [the City of] Green" (*see City of Green, Ohio v. NEXUS Gas Transmission, LLC*, 6th Cir. No. 17-4016 (Nov. 22, 2017 Order, Doc. #28-1 at 4)) (the "Stay Area"); and (ii) only for the limited purposes of conducting surveys for on-the-ground alignment of the pipeline and associated rights-of-way boundaries and to perform wetlands and environmental surveys." Doc. 365 at 1.

The parties appear to agree that if, as it has done above, the Court establishes a right of condemnation, Nexus will satisfy the elements for injunctive relief. However, varying defendants contend that Nexus is not entitled to immediate possession because the Natural Gas Act does not grant "quick take" authority. However, the Fourth Circuit has held that "once a district court determines that a gas company has the substantive right to condemn property under the [Natural Gas Act], the court may exercise equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction." *East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2008). "The procedure set forth in *Sage* represents the approach taken by virtually every federal court that has considered the issue[.]" *Gulf Crossing Pipeline Co. LLC v. 86.36 Acres of Land, More or Less, Situated in Caddo, Bossier, Claiborne, Union, Ouachita, Morehouse, Richland & Madison Parisher, La.*, No. CIV.A. 08-689, 2008 WL 2465892, at *3 (W.D. La. June 18, 2008). This Court now joins those courts that agree with the logic espoused in *Sage* by the Fourth Circuit.

Having established that Nexus has the right of condemnation, there is no question that Nexus will prevail on the merits of the claim herein. Moreover, given the detailed construction schedules set forth by Nexus, Nexus will suffer irreparable harm if it is not granted immediate

access to the properties that remain at issue. Moreover, given the limited right of access now sought by Nexus, there is minimal harm to the landowners. Finally, as the FERC certificate establishes the benefit of the pipeline to the public, issuance of the injunction for immediate access will further that public interest.

**IV. Conclusion**

Nexus' motion for partial summary judgment is GRANTED. Nexus' motion for a preliminary injunction authorizing it to immediately possess: (i) only those Defendant-properties that are located within the "eight-mile stretch of the pipeline that would run through [the City of] Green" (*see City of Green, Ohio v. NEXUS Gas Transmission, LLC*, 6th Cir. No. 17-4016 (Nov. 22, 2017 Order, Doc. #28-1 at 4)) (the "Stay Area"); and (ii) only for the limited purposes of conducting surveys for on-the-ground alignment of the pipeline and associated rights-of-way boundaries and to perform wetlands and environmental surveys is also GRANTED.

Moreover, the Court certifies pursuant to Fed.R. Civ.P. 54(b) that there is no just reason for delay. It is the Court's hope that this certification will allow all of the issues raised surrounding this pipeline to be decided together by the Sixth Circuit.

IT IS SO ORDERED.

Date: December 28, 2017  */s/ John R Adams*
JOHN R. ADAMS
U.S. DISTRICT JUDGE