IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NEXUS GAS TRANSMISSION, LLC, | Case No. 5:17-cv-2062 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| CITY OF GREEN, et. al., | |
| Defendants. | **REPORT & RECOMMENDATION** |

On February 23, 2017, pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a), the Honorable Judge John R. Adams referred plaintiff's motion for temporary restraining order and preliminary injunction (ECF Doc. 396) to the undersigned for report and recommendation. ECF Doc. 397. Because the law of this case disposes of the main arguments raised in opposition to plaintiff's motion for preliminary injunction and because the factors weigh in favor of injunctive relief, I recommend that the court GRANT plaintiff's motion. Pursuant to Fed. R. Civ. P. 65(c), I further recommended that the Court require Nexus to give security in the amount of $100,000.00 cash or surety bond.

**I.    Introduction**

On December 28, 2017, the court issued a memorandum opinion and order granting partial summary judgment to plaintiff, Nexus Gas Transmission, LLC ("Nexus"). The court ruled that Nexus has the right of eminent domain to condemn the easements at issue in this matter. ECF Doc. 366, Page ID# 3972. In the same order, the court granted a motion for

injunctive relief citing the Fourth Circuit decision of *East Tennessee Natural Gas Co., v. Sage*, 361 F.3d 808, 828 (4th Cir. 2008), "once a district court determines that a gas company has the substantive right to condemn property under the [Natural Gas Act], the court may exercise equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction." In following the *Sage* decision, the court noted that "[t]he procedure set forth in *Sage* represents the approach taken by virtually every federal court that has considered the issue[.]" *Gulf Crossing Pipeline Co., LLC v. 86.36 Acres of Land, More or Less, Situated in Caddo, Bossier, Claiborne, Union, Ouachita, Morehouse, Richland & Madison Parisher, LA.*, No. CIV.A. 08-689, 2008 WL 2465892, at *3 (W.D. La. June 18, 2008). By exercising equitable power to grant the remedy of immediate possession through a preliminary injunction pursuant to Fed. R. Civ. P. 65, the Court also rejected defendants' argument that the Natural Gas Act did not grant "quick take" authority. ECF Doc. 366, Page ID# 3973.

Nexus now moves for a preliminary injunction to obtain immediate access to property owned by Defendant City of Oberlin ("Oberlin"). On February 23, 2018, the court conducted a telephone conference with both parties and directed them to submit briefs addressing how the law of the case and specifically the Court's December 28th order impacted the current motion.[1] On March 2, 2018, Oberlin filed an opposition to Nexus's motion for temporary restraining order and preliminary injunction. ECF Doc. 400. However, Oberlin did not squarely address the impact of the Court's December 28th order. In fact, Oberlin asserted arguments that were rejected by the Court in that order. On March 5, 2018, Nexus replied in support of its motion for temporary restraining order and preliminary injunction. ECF Doc. 401. Nexus also moves to expedite the briefing schedule for objections to this report and recommendation. ECF Doc. 402.

---

[1] The parties were advised that they could request oral argument or an evidentiary hearing. However, the parties concluded that the court should determine the issues on the parties' motion papers. ECF Doc. 398.

2

## II. Law of the Case

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. *Arizona v. California,* 460 U.S. 605, 618-619 (1983). The purpose of the doctrine is two-fold: (1) it enables courts "to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit," 18 C. Wright, A. Miller & E. Cooper, FED. PRACTICE & PROCEDURE: JURISDICTION 2d, § 4478, at 637-639 (2002); and it "promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816 (1988) (quoting 1B J. Moore, *et al.,* MOORE'S FEDERAL PRACTICE ¶ 0.404[1], at 118 (1984). The law of this case determines several of the arguments raised by Oberlin in opposition to the current motion as further explained below.

## III. Preliminary Injunction Standard

Four factors must be considered when deciding whether to grant an injunction:

(1) whether the movant has a strong likelihood of success on the merits;

(2) whether there is a threat of irreparable harm to the movant;

(3) whether others will suffer substantial harm as a result of the injunction, should it issue; and

(4) whether the public interest will be served by the injunction.

*See Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods.,* 134 F.3d 749, 753 (6th Cir. 1998). While no single factor will be determinative as to the appropriateness of the equitable relief sought, "a finding that there is simply no likelihood of success on the merits is usually

fatal." *Gonzales v. Nat'l Bed of Med. Exam'rs.,* 225 F.3d 620, 625 (6th Cir. 2000). The moving party must establish its case by clear and convincing evidence. *See Deck v. City of Toledo,* 29 F.Supp.2d 431, 433 (N.D. Ohio 1998), *citing Garlock Inc. v. United Seal, Inc.,* 404 F.2d 256, 257 (6th Cir. 1968).

## IV.     Application of the Four Standards to Plaintiff's Motion

### A.     Likelihood of Success on the Merits

This Court has already granted summary judgment to Nexus on the issue of condemnation. ECF Doc. 366, Page ID# 3972. "Nexus has the right of eminent domain to condemn the easements at issue in this matter." Nexus holds a FERC certificate authorizing the pipeline. The Court rejected defendants' arguments related to the authority of the FERC certificate. ECF Doc. 366, Page ID# 3971. The Court also determined that the land to be taken is necessary to the project and there is no dispute that Oberlin had failed to agree on a price for the taking. In light of the court's December 28th order, Oberlin concedes that the law of this case establishes a likelihood of success on the merits of Nexus's claim. ECF Doc. 400, Page ID# 4111.

Nonetheless, Oberlin argues that the Natural Gas Act does not create an entitlement to immediate possession of the land. Oberlin further argues that, because the Natural Gas Act does not authorize immediate possession or a "quick take," this court cannot exercise its authority pursuant to Fed. R. Civ. P. 65 to grant an immediate right of access to the property.

This Court has already rejected Oberlin's argument. In its December 28th order, the Court determined that it would follow the Fourth Circuit decision in *Sage* recognizing that the court may exercise its equitable power to grant the remedy of immediate possession in cases like this one. ECF Doc. 366, Page ID# 3973.

Moreover, the cases cited by Oberlin are inapposite. *Kirby Forest Indus., v. United States,* 467 U.S. 1, 3-4, 104 S.Ct. 2187, 2190-2191 (1984) involved a government taking. *Humphries v. Williams Natural Gas Co.,* 48 F.Supp.2d 1276, 1279 involved a gas company that did not attempt to agree with the land owner on an amount of just compensation. And in *Northern Border Pipeline Co., v. 86.72 Acres of Land,* 144 F.3d 469, 472 (7th Cir. 1998), the court denied injunctive relief because, unlike here, the plaintiff had not already established a preexisting entitlement to the property. Here, the court has already issued summary judgment recognizing that Nexus has the right of eminent domain to condemn the easements as a matter of law. Thus, Nexus established the right to the easement and the likelihood of success on the merits before filing its motion for injunctive relief. Consequently, *Northern Border* does not apply to the facts of this case. *Sage*, on the other hand, is directly applicable as this Court has already determined. Nexus's likelihood of success on the merits weighs in favor of granting the requested injunctive relief.

### B. Threat of Irreparable Harm

Nexus argues that it must be granted immediate access to the easement in order to complete its project within the FERC-certificated timeline and to avoid unnecessary construction costs. Nexus has established a detailed and aggressive construction schedule required to meet a September 2018 FERC-approved in-service date. ECF Doc. 396-2 at Ex. A, ¶ ¶ 11, 12. Nexus's ability to meet the September 2018 in-service date will be jeopardized if it cannot gain access to Oberlin's property before March 31, 2018. The easement which Nexus seeks on Oberlin's property totals 125 feet in length or 0.1 acres. ECF Doc. 1-1, Page ID 140-142. Trees on Oberlin's property are located in a protected habitat area for migratory birds and are subject to a tree felling window limited to October 1 – March 31. ECF Doc. 396-2 at Ex. A, ¶ ¶ 28, 29. The risk of delay

caused by tree felling restrictions will be eliminated if tree felling is completed before March 31, 2018. ECF Doc. 396-2 at Ex. A, ¶ ¶ 30.

Oberlin argues that the ramifications of a possible delay are uncertain and that Nexus need only notify FERC that it is unable to meet the imposed timetable to commence service. ECF Doc. 400, Page ID# 4117. Oberlin also argues that Nexus's claimed delays and costs are purely economic and do not constitute irreparable harm. Id. In fact, Oberlin suggests that Nexus simply amend its certificate to increase pipeline rates to recover any additional costs it suffers by delay. ECF Doc. 400, Page ID# 4118.

Nexus estimates that it will incur costs of $660,000 if forced to work around Oberlin's property. ECF Doc. 396-2 at Ex. A, ¶ ¶ 23. It argues that these costs are unnecessary and avoidable and that it is presumptuous of Oberlin to suggest that Nexus simply charge its subscribers more to use the pipeline because of these delays. Nexus also cites case law holding that financial loss may be considered irreparable if the expenditures cannot be recouped. *Transcon Gas Pipe Line Co., LLC v. Permanent Easement for 2. 59 Acres,* Case No. 17-1829, 2017 U.S. App. LEXIS 17580, at *7 (3rd Cir. 2017) Nexus argues that this is such a case because Oberlin is likely a "party who cannot pay." *Id.* Thus, any costs incurred by Nexus would not be recovered from Oberlin, the party who caused the delay.

Nexus has the better "irreparable harm" argument. Nexus has submitted evidence showing that it will incur significant costs and delays if it is not granted access to the easement on Oberlin's property[2]. ECF Doc. 396-2 at Ex. A, ¶ ¶ 23. Oberlin does not dispute that these

---

[2] Nexus cites other courts that have held that scheduling disruption costs constitute irreparable harm. *See Supply Header, LLC v. 180 Acres in George County,* 2008 U.S. Dist. LEXIS 9989, *8-9 (S.D. Miss. Jan. 15, 2008); see also *Sage,* 361 F.3d at 828-829 (it "would be wasteful and inefficient" to "require ENTG to build [the pipeline] up to a parcel of land [it] does not possess, skip that parcel, and then continue on the other side."); *Texas E. Transm.* 2015 U.S. Dist. LEXIS 3252, at *6; *Tenn. Gas Pipeline Co., v. 0.018 Acre,* D.N.J. No. 10-4465, 2010 U.S. Dist. LEXIS 102470, *7; *Guardian Pipeline, LLC v. 295.49 Acres*

costs would be incurred. Rather, it suggests without foundation that Nexus simply pass along the cost to third parties. Nexus has already established that it has a likelihood of success on the merits. It has also shown that it will suffer significant monetary harm if the injunction is denied – monetary harm that is unlikely to be recovered from Oberlin. Moreover, this Court has already determined that disruption of Nexus's detailed construction schedule could cause irreparable harm. ECF Doc. 366, Page ID# 3973. For these reasons, the irreparable harm factor weighs in favor of the injunction.

### C. Substantial Harm to Others

Nexus argues that there are safeguards in place to protect Oberlin's rights as a landowner. The Fifth Amendment guarantees that Oberlin will be justly compensated for the easement; the dollar amount of the compensation will be the same whether or not Nexus is granted immediate possession; and there is no risk that Oberlin will not be compensated due to the bond posting requirement of Fed. R. Civ. P. 65(c).

Regarding substantial harm, Oberlin cites its own ordinance [Oberlin Ordinance 521.13(b)(3)] and its police power of the community in protecting its residents from a catastrophe. Oberlin has submitted the affidavit of its fire chief, Robert Hammer, stating that he is concerned that "in the event of a catastrophic failure of the NEXUS pipeline, [certain residents] would be placed at risk." ECF Doc. 400-3, Page ID# 4126. The problem with Oberlin's argument is that its alleged substantial harm would not actually arise from the granting of Nexus's injunctive relief. Rather, the substantial harm Oberlin fears is a catastrophic failure of the pipeline itself. But granting injunctive relief to Nexus would only permit the building of

---

*of Land,* 2008 U.S. Dist. LEXIS 35818, at *74-75 (E.D. Wis. April 11, 2008); *Gulf Crossing Pipeline Co., LLC v. Various Acres of Land,* W.D. La. No. 08-689, 2008 U.S. Dist. LEXIS 59495 at *17, 21 (Aug. 5, 2008)

the pipeline already authorized by the FERC certificate – it would not necessarily lead to a catastrophic failure of the pipeline or certain risks to Oberlin's residents.

As to the possible conflict between Oberlin's Ordinance or its police power and the Natural Gas Act, this Court has already rejected similar defenses. In the Court's December 28th order, it held that Nexus was not required to comply with the Ohio Revised Code provisions related to eminent domain offers made to municipalities, nor did the current public use of the property defeat Nexus's ability to condemn the property "as the federal right of condemnation would be superior." The Court quoted *Fla. Gas Transportation Co. v. Approximately 9.854 Acre Natural Gas Transmission Pipeline Easement,* 1998 WL 2018164, *9 (S.D. Fla. June 15, 1998) as follows:

> [i]n light of the supremacy of Federal Law, this Court declines to attempt to balance the differing public uses. It is manifestly unlikely that Congress would have created the substantive right of eminent domain, clearly addressed in the Natural Gas Act, only to have that right held hostage to various states substantive schemes.

Similarly, Oberlin's Ordinance bears little weight on the court's consideration of the element of substantial harm. The court also notes that Oberlin "does not deny that the Natural Gas Act is intended to preempt the field in this arena." ECF Doc. 400, Page ID# 4111-4112.

Oberlin has failed to show that it will suffer any substantial harm if Nexus's injunctive relief is granted. This factor weighs in favor of granting the injunction.

### D. Public Interest

Finally, Nexus argues that FERC, as the "presumptive guardian of the public interest" has already determined that the pipeline involved in this case "is or will be required by the present or future public convenience and necessity." Nexus contends that halting the project due to

8

Oberlin's refusal to grant access will substantially injure the public in general as well as its shippers and the millions of customers it serves. ECF Doc. 396-1, Page ID# 4093.

Oberlin argues that running afoul of constitutional principles is against the public interest. ECF Doc. 400, Page ID# 4120. However, Oberlin has failed to show how granting the injunctive relief requested by Nexus will run afoul of constitutional principles. This Court has already determined that Nexus is entitled to condemn the easements as a matter of law. ECF Doc. 366, Page ID#3972. The Court has also already determined that once the Court determines that a gas company has a right to condemn property, the Court may exercise equitable power to grant immediate possession through the issuance of a preliminary injunction. The Court has not run afoul of constitutional principles in so doing. Oberlin has not cited any authority to the contrary. As with the other factors considered for injunctive relief, the public interest weighs in favor of granting Nexus's motion for preliminary injunction.

## V.  Recommendations

The Court has already determined that Nexus has the right of condemnation and a likelihood of success on the merits in this case. The Court has already determined that it may exercise equitable power to grant immediate possession through the issuance of a preliminary injunction. Nexus has also shown that it will suffer irreparable injury if the injunction is not granted, that Oberlin is unlikely to suffer substantial harm if it is granted, and that the injunctive relief will serve the public interest. I recommend that the Court GRANT Nexus's motion for temporary restraining order and preliminary injunction against Oberlin. I also recommend that the Court require Nexus to give security in the amount of $100,000.00, cash or surety bond, pursuant to Fed. R. Civ. P. 65(c).

Dated: March 6, 2018

Thomas M. Parker
United States Magistrate Judge

_____

**OBJECTIONS**

In a separate order, the court has granted plaintiff's motion to expedite briefing schedule for objections. ECF Doc. 402. Consequently, any objections to this Report and Recommendation must be filed with the Clerk of Courts on or before 4:00 p.m. on Friday March 9, 2018. Response to any objection must be filed on or before 4:00 p.m. on March 12, 2018. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).