UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Nexus Gas Transmission, LLC, | ) | CASE NO. 5:17CV2062 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | MEMORANDUM OF OPINION |
| City of Green, Ohio, et al., | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

On March 16, 2018, this Court adopted the Report and Recommendation of the Magistrate and granted Plaintiff Nexus Gas Transmission's motion for a preliminary injunction to access property in the City of Oberlin. Doc. 405. Nexus now seeks a similar injunction to access property owned by John Selzer and Judy Jane Hamrick. Doc. 406. The landowners have opposed the motion, and Nexus has replied. Upon review, the motion is GRANTED.

Initially, the landowners have asserted that this Court lacks jurisdiction to entertain Nexus' motion. Specifically, the landowners contend that a pending appeal before the Sixth Circuit deprives this Court of jurisdiction. However, the Sixth Circuit dismissed the landowners appeal on April 3, 2018. Accordingly, there is no jurisdictional bar to the Court's consideration of Nexus' motion.

When determining whether to issue a preliminary injunction, this Court considers the following four factors:

> (1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir.1997) (en banc) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir.1995)). This Court must balance the four factors while noting that none should be considered a prerequisite to the grant of a preliminary injunction. *See United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998). Moreover, a plaintiff must present clear and convincing evidence in support of the four factors. *See Deck v. City of Toledo,* 29 F.Supp.2d 431, 433 (N.D. Ohio 1998) (citing *Garlock Inc. v. United Seal, Inc.,* 404 F.2d 256, 257 (6th Cir. 1968)).

**Likelihood of Success on the Merits**

This Court has previously granted Nexus' motion for partial summary judgment on the issue of condemnation. Doc. 366. Accordingly, the law of the case establishes a likelihood of success of merits of Nexus' claim.

**Irreparable Harm**

Similar to the prior injunction considered by the Court, Nexus has submitted evidence that it would incur roughly $530,000 in losses if the property at issue must be "skipped" due to an inability to access the property in line with Nexus' existing schedule. As was noted in the prior R&R adopted by this Court, even these financial losses may be considered irreparable when such loss cannot be recouped through the litigation. *See Transcontinental Gas Pipeline Co., LLC v. Permanent Easement for 2.59 Acres*, 709 Fed. Appx. 109, 113 (3d Cir. 2017). There is no dispute that Nexus will be unable to recoup such a loss through litigation. Accordingly, Nexus' monetary loss is properly categorized as irreparable harm.

The landowners, however, contend that Nexus has not set forth sufficient evidence to justify the loss of $530,000. The landowners contend that Nexus has used a different loss figure in other litigation and therefore this Court should find that Nexus' evidence lacks credibility. However, the landowners do nothing to explain the difference in information available to Nexus in its prior filing in October of 2017 and the information currently available. Moreover, even if this Court were to find that Nexus' loss calculation is somehow imprecise, there can be no dispute that "skipping" the landowners' property would result in significant monetary loss to Nexus that it would have no ability to recoup. Accordingly, Nexus has demonstrated irreparable harm.

**Harm to Others**

The landowners assert that they will suffer far more harm than Nexus. In support, the landowners assert that trees will be felled, soil will be compacted, and the pipeline will be installed. However, given that FERC has authorized the pipeline and that this Court has concluded that Nexus may utilize eminent domain, the harm proposed by the landowners is inevitable. Whether trees are felled now or after the landowners have been paid for their property does not impact that the alleged harm will occur. Moreover, given the existence of this eminent domain proceeding, unlike Nexus, the landowners are assured that they will be fairly compensated for any losses they incur. Accordingly, this prong also favors granting the injunction.

**Public Interest**

Expeditious completion of the pipeline is in the public interest. Congress passed the Natural Gas Act and gave gas companies condemnation power to insure that consumers would have access to an adequate supply of natural gas at reasonable prices. *Clark v. Gulf Oil Corp.*, 570 F.2d 1138, 1145–46 (3d Cir. 1977); *Fla. Power & Light Co. v. Federal Energy Regulatory Comm'n*, 598 F.2d 370, 379 (5th Cir. 1979); *Public Serv. Comm'n of Ky. v. Federal Energy*

*Regulatory Comm'n*, 610 F.2d 439, 442–43 (6th Cir. 1979).  Based upon the certificate issued by FERC, FERC has carefully considered the pipeline and concluded that it will fulfill the goals detailed by Congress.  Accordingly, this final prong also supports issuance of the injunction.

**Conclusion**

    The Third Circuit has noted:

> District courts in a number of jurisdictions have done exactly what the district court did here, that is, grant immediate possession in the form of a preliminary injunction to a gas company that has established its right to condemn under the NGA. *See Northwest Pipeline Corp. v. The 20' by 1,430' Pipeline Right of Way*, 197 F.Supp.2d 1241, 1245 (E.D.Wash. 2002)("[w]here there is no dispute about the validity of [the gas company's] actual right to the easement," denying authority to grant immediate possession "would produce an absurd result"); G*uardian Pipeline, L.L.C. v. 950.80 Acres of Land*, 210 F.Supp.2d 976, 979 (N.D.Ill. 2002)(immediate possession proper when condemnation order has been entered and preliminary injunction standards have been satisfied); *N. Border Pipeline Co. v. 64.111 Acres of Land*, 125 F.Supp.2d 299, 301 (N.D.Ill. 2000)(same); *see also N. Border Pipeline Co. v. 127.79 Acres of Land*, 520 F.Supp. 170, 173 (D.N.D. 1981) ("the Court believes the circumstances of this case warrant the exercise of inherent powers"); *Williston Basin Interstate Pipeline Co. v. Easement and Right–of–Way Across .152 Acres of Land*, 2003 WL 21524816 (D.N.D. 2003)(same); *Tenn. Gas Pipeline Co. v. New England Power, Inc.*, 6 F.Supp.2d 102, 104 (D.Mass. 1998)(same); *USG Pipeline Co. v. 1.74 Acres*, 1 F.Supp.2d 816, 825–26 (E.D.Tenn. 1998)(same); *Kern River Gas Transmission Co. v. Clark County*, 757 F.Supp. 1110, 1117 (D.Nev. 1990)(same); *Humphries v. Williams Natural Gas Co.*, 48 F.Supp.2d 1276, 1280 (D.Kan. 1999)("[I]t is apparently well settled that the district court does have the equitable power to grant immediate entry and possession [under the NGA]."); *Rivers Electric Co., Inc. v. 4.6 Acres of Land*, 731 F.Supp. 83, 87 (N.D.N.Y. 1990)(granting immediate possession under a statute similar to the NGA). *Cf. Commercial Station Post Office, Inc. v. United States*, 48 F.2d 183, 184–85 (8th Cir. 1931)(holding that government officer who exercises statutory authority to file condemnation action may take immediate possession of the property even though there is no express provision authorizing pre-judgment possession).

*E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808, 827 (4th Cir. 2004).  This Court agrees with the logic espoused by these district courts and the Third Circuit.  Having established its right of condemnation and independently satisfied the test for a preliminary injunction, Nexus is entitled to the relief it seeks.

Nexus is hereby granted immediate access to the Easement at issue and John Selzer, Elaine Selzer, and Judy Jane Hamrick are hereby enjoined from interfering with Nexus' right of access to and use of the property. Further, Nexus is hereby ordered to give security in the amount of $100,000.00, cash or surety bond, pursuant to Fed. R. Civ. P. 65(c).

IT IS SO ORDERED.


Dated: April 5, 2018                    /s/ John R. Adams
                                        JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE