UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Nexus Gas Transmission, LLC | ) | CASE NO.: 5:17CV2062 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| City of Green, et al. | ) | |
| | ) | (Resolving Doc. 420) |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter appears before the Court on a motion to stay the Court's order granting Plaintiff Nexus Gas Transmission, LLC's motion for a preliminary injunction. Doc. 420. The motion is DENIED.

### I. Legal Standard

This Court may issue a stay pending appeal only after consideration of four factors: (1) whether the party seeking the stay has made a strong showing of likelihood of success on the merits on appeal; (2) whether the moving party will suffer irreparable harm if the stay does not issue; (3) whether issuance of a stay will substantially injure other parties to the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 129 S.Ct. 1749, 1756 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors, likelihood of success on the merits of the appeal and irreparable injury to the appealing party, are the most critical. *See Nken*, 129 S.Ct. at 1761.

1

**II. Legal Analysis**

Defendants are correct that "the Sixth Circuit explained that 'a movant need not always establish a high probability of success on the merits.'" *American Standard, Inc. v. Meehan*, 614 F.Supp.2d 844, 847 (N.D.Ohio 2007) (quoting *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "When, for example, the irreparable injury factor greatly favors the movant, he may only be required to show a 'serious question going to the merits' in order to overcome the likelihood of success factor." Id. (quoting *Griepentrog*, 945 F.2d at 153-54).

In their motion, Defendants appear to raise two arguments. The first appears to attack the underlying basis for Nexus' lawsuit. Defendants again assert that Nexus is building an export pipeline and lacks quick take authority. The Court has previously found no merit in these contentions and likewise here concludes that Defendants do not have any likelihood of success on appeal with respect to these arguments.

Defendants also contend that this Court erred in "*sua sponte*" granting the motion. However, the Court did not *sua sponte* enter any order. The order was issued following complete briefing by the parties. Defendants, however, take issue with the fact that this Court did not permit discovery surrounding the motion for preliminary injunction. In so doing, Defendants have failed to articulate *any* area of discovery that would have aided in their opposition of the motion for preliminary injunction. As a result, any argument on appeal related to discovery is unlikely to be successful.

Defendants contend that they will be harmed absent a stay. In so doing, Defendants contend that their property will be taken "earlier than required" resulting in some additional harm. However, as this Court has previously noted, any harm to

Defendants property will be compensated through these eminent domain proceedings. The Court finds no merit in Defendants' contentions regarding harm.

In evaluating the harm to Nexus, Defendants contend that any harm flows from "its improper use of eminent domain." Once again, Nexus' ability to utilize eminent domain was established through the FERC Certificate which cannot be challenged in this Court. As the Certificate remains valid to date, there is no merit in Defendants' contentions.

Finally, the Court has previously determined that the public interest supports the issuance of Nexus' preliminary injunction. Defendants' arguments in their motion to stay have not altered the Court's view on that issue.

### III. Conclusion

Defendants' motion for a stay pending appeal is DENIED.

IT IS SO ORDERED


Date: May 10, 2018             /s/ *Judge John R. Adams*
                              JUDGE JOHN R. ADAMS
                              UNITED STATES DISTRICT COURT